UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFERSON BURGESS,
              Petitioner,

      v.                                    CIVIL ACTION NO. 11-12293-NMG

JEFFREY GRONDOLSKY,
Warden of Federal Medical Center-Devens,
              Respondent.

MEMORANDUM AND ORDER

GORTON, D.J.

      For the reasons stated below, the Court <u>DENIES</u> the petition under 28 U.S.C. § 2241 for

a writ of habeas corpus, and <u>DISMISSES</u> this action. Additionally, the Court <u>ORDERS</u> that in

any future § 2241 habeas petition filed in this Court, Petitioner must submit a statement

certifying that he is not asserting claims challenging his conviction and/or sentence which have

previously been raised by him in any collateral attack either under § 2255, § 2241, or in other

prior motions for relief.

BACKGROUND

      On December 21, 2011, Jefferson Burgess ("Burgess"), a prisoner incarcerated at FMC

Devens, filed a self-prepared petition under 28 U.S.C. § 2241 ("§ 2241") for a writ of habeas

corpus, along with an incorporated memorandum of law in support. The petition itself is entitled

"Motion 28 U.S.C. 2241(C)(2)(C)(3) For a Constructive Amendment of the Indictment and

Structural Error in Trial, Also See, 28 U.S.C. § 2243." Pet. (Docket No. 1). In this action,

Burgess challenges both his criminal conviction and his criminal sentence imposed in the

Eastern District of Michigan almost 20 years ago.

      Burgess is a frequent habeas filer. The background of his criminal case and subsequent

proceedings has been summarized by this and other courts. Culling out the recitations from

those opinions, and more particularly from an appellate decision,[1] the salient history is as

follows.

I.      The Criminal Case: United States v. Burgess, Cr. No. 87-80739 (E.D. Mich.)

On September 25,1987, special agents of the Drug Enforcement Administration ("DEA")

arrested Burgess in connection with an undercover investigation which resulted in the seizure of

10 kilograms of cocaine exchanged for $220,000. Thereafter, Burgess was charged in the United

States District Court for the Eastern District of Michigan. After a detention hearing in the

District Court, Burgess was detained without bond based on the danger he presented to the

community. On October 5, 1987, a federal grand jury charged Burgess in a three-count

Indictment with conspiracy to possess with intent to distribute and distribute cocaine, in

violation of 21 U.S.C. §§ 846, 841(a)(1); distribution of cocaine and aiding and abetting the

distribution of more than 5,000 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18

U.S.C. § 2; and unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b).

United States v. Burgess, Cr. No. 87-80739 (E.D. Mich.).

The course of Burgess's criminal prosecution did not run smoothly. Initially, Burgess

entered into a plea agreement which was later withdrawn; thereafter he was tried three times by a

jury, the first two ending in mistrials based on juror taint, and later, based on delay in

proceedings as a result of Burgess's competency evaluation and attendant treatment. Ultimately,

Burgess was convicted, but his sentencing also was delayed due to the death of the presiding trial

_____

[1]See United States v. Burgess, 931 F.2d 893 (6th Cir. 1991) (unpublished decision).

judge and reassignment to another judge.

Specifically, the chronology is as follows. On December 2, 1987, Burgess entered a Rule 11 plea agreement with the government. Pursuant to that agreement, Burgess entered a plea of guilty to count one of the Indictment. On February 1, 1988, the government filed a motion to set aside the Rule 11 plea agreement due to Burgess's failure to cooperate in other investigations as agreed.[2] On April 19, 1988, the motion to withdraw the plea agreement was granted, and a trial date was set.

On June 7, 1988, the first trial began; however, on June 28, 1988, the District Court declared a mistrial because of juror taint which occurred when members of the jury read newspaper articles about the case. The District Court found that the jurors' reading of an article in the Detroit News relating to Burgess's withdrawn guilty plea was prejudicial.

A second trial was set. During this second trial, on August 15, 1988, Burgess alleged that he suffered various physical problems that prevented him from attending the remainder of his trial and undermined his ability to properly assist in his defense. The next day, the government filed a motion for a competency evaluation. On September 13, 1988, after a one-week evaluation at the Federal Correctional Institution in Milan, Michigan, the District Court entered an order finding Burgess mentally incompetent to continue with the trial. Burgess was committed to the custody of the Attorney General for evaluation and treatment pursuant to 18 U.S.C. § 4241 *et seq*. He was treated for four months at the Federal Medical Center in Rochester, Minnesota.

On January 17, 1989, the warden of the Federal Medical Center filed a certificate of

---

[2]In the instant habeas petition, Burgess alleged he could not assist the government because he did not have information and refused to lie to protect himself.

recovery and requested that Burgess be discharged from psychiatric hospitalization. Dr. Daniel

Foster, chief of psychology at the medical center, testified at Burgess' competency hearing held

on March 23, 1989. Dr. Foster opined that Burgess was malingering based on his inconsistent

symptoms and behavior throughout the evaluation.

On March 17, 1989, the District Court conducted a voir dire of the jurors out of

Burgess's presence. The jurors indicated that they could proceed with the case despite the delay

and their inability to recollect certain witnesses. The trial was scheduled to continue on June 26,

1989.

On June 16, 1989, Burgess filed a motion for a mistrial. The District Court granted Burgess's

motion on the same day based on the lapse of time since jurors last heard testimony.

On June 21, 1989, Burgess filed a pretrial motion to dismiss the Indictment. The District

Court denied the motion on November 30, 1989. Burgess then filed a timely notice of appeal to

the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit").[3]

On appeal, Burgess contended that the District Court erred in denying his motion to

dismiss the Indictment, because his prosecution after two mistrials violated, *inter alia*, the double

jeopardy clause of the Fifth Amendment. The Sixth Circuit rejected Burgess's arguments and

affirmed the District Court's denial of the motion to dismiss the Indictment. See United States v.

Burgess, 931 F.2d 893 (6th Cir.1991).

The third trial against Burgess began on January 23, 1990. On February 23, 1990 he was

---

[3]On a number of occasions Burgess filed requests for release on bond, all of which were denied. In addition to appealing the Order denying the motion to dismiss the Indictment, Burgess appealed the denial of his motion for reconsideration of bond, and the Sixth Circuit affirmed the District Court decision. See United States v. Burgess, No. 89-2168 (6th Cir. 1990).

convicted on all three counts of the Indictment. On March 29, 1990, before sentencing, the trial judge, the late Honorable Ralph M. Freeman, died, and the case was reassigned on April 4, 1990, to United States District Judge Paul V. Gadola.

On June 29, 1990, Burgess filed five motions, including a motion to adjourn sentencing until full review of the trial transcripts by the new sentencing judge. Burgess eventually was sentenced on January 2, 1992, after the resolution of numerous additional motions filed between June 29, 1990 and December 30, 1991. The District Court sentenced Burgess on Counts I and II to concurrent terms of forty-five (45) years and to a five year term of supervised release. On Count III, Burgess was sentenced to a term of four years to run concurrently to the sentences imposed on Counts I and II.

Thereafter, Burgess filed a direct appeal with the Sixth Circuit. United States v. Burgess 986 F.2d 1423 (Table), 1993 WL 48845 (6th Cir. 1993) (unpublished decision). He raised six grounds challenging both his conviction and sentence. First, Burgess claimed that the District Court's refusal to suppress certain inculpatory statements made during his interrogation after arrest violated his Fifth Amendment right to due process. He also contended his confession was involuntary. Additionally, Burgess contended that he never received Miranda warnings. The Sixth Circuit rejected these arguments, finding that the police conduct was not coercive.

Second, Burgess contended that during his third trial, the District Court improperly denied him the right to cross examine DEA Special Agent Gregory Anderson concerning an internal investigation of Anderson. The Sixth Circuit found that the District Court did not abuse its discretion in this regard.

Third, Burgess challenged his sentence, arguing that the 45 year sentence he received on Counts I and II was disproportionate to the crime, and therefore constituted cruel and unusual punishment in violation of the Eighth Amendment. The Sixth Circuit rejected this argument as well, stating that:

> Contrary to defendant's assertion, he was not sentenced under the Sentencing Reform Act, whose effective date was November 1, 1987. The pre-Guidelines sentencing range for violations of 21 U.S.C. §§ 846 and 841(a)(1), was a mandatory minimum custodial sentence of ten years imprisonment and a maximum possible sentence of life imprisonment.
>
> With respect to pre-Guidelines sentences, once it is determined that a sentence is within the applicable statutory limitations, appellate review is at an end. United States v. Frost, 914 F.2d 756, 773 (6th Cir.1990) (quoting Dorsy v. United States, 418 U.S. 424 (1974), cert. denied, 429 U.S. 977 (1976)). This court has stated that "[i]t is axiomatic that the imposition of sentences within the statutory limits lies almost entirely within the discretion of the trial judge." Id. (citation omitted). Moreover, we have routinely rejected such Eighth Amendment challenges in similar drug cases. See, e.g., United States v. Straughter, 950 F.2d 1223, 1236 (6th Cir.1991) (rejecting as "patently meritless" defendant's Eighth Amendment challenge to a 360-month sentence where there was evidence that defendant had dealt in over 55 kilograms of cocaine; guidelines offense), cert. denied, 112 S.Ct. 1505 (1992); United States v. Walton, 908 F.2d 1289 (6th Cir.) (forty-year sentence for conspiracy to distribute in excess of 80 kilograms of cocaine was not cruel and unusual punishment where defendant received maximum statutory sentence; guidelines offense), cert. denied, 111 S.Ct. 532 (1990); Young v. Miller, 883 F.2d 1276, 1282-86 (6th Cir.1989) (rejecting Eighth Amendment challenge by first time offender convicted of possessing with intent to deliver 1,300 grams of heroin sentenced to life imprisonment without parole; pre-guidelines case), cert. denied, 111 S. Ct. 2886 (1991). As we noted in Walton, defendant's sentence is "not ... unusual in today's climate of drug intolerance." Walton, 908 F.2d at 1300.

Burgess, 986 F.2d 1423 (Table), 1993 WL 48845 at *4.

Fourth, Burgess argued that his Fifth and Sixth Amendment rights were violated due to the unreasonable delay in both his trial and sentencing. The Sixth Circuit rejected these claims.

Fifth, Burgess argued that the trial court erred in failing to give a jury instruction on

mental deficiency. The Sixth Circuit deemed this claim to be waived on appeal.

Sixth, Burgess argued that his appointed counsel refused to address three important issues in the appeal brief: his predisposition to commit the crime charged, an inadequate jury instruction on the issue of entrapment, and a due process violation based on the DEA agents' manufacturing of the sentences by controlling the size of the transactions. The Sixth Circuit rejected each of these contentions, finding that appointed counsel exercised professional judgment, and that counsel's brief was not simply adequate; it was exemplary. Id. at *5.

In view of the findings noted above, the Sixth Circuit affirmed Burgess's conviction on February 24, 1993. Id.

II.     The First Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255

More than two years after the Sixth Circuit's decision, on January 8, 1996, Burgess filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 in his criminal case. See Motion (Docket No. 487). In his § 2255 motion, Burgess challenged his sentence on the grounds that he was denied an evidentiary hearing, that the Court employed an improper standard in determining that an evidentiary hearing was unnecessary, that the Court's determination that he did not receive ineffective assistance of counsel was not objectively reasonable, and that the Court made disputed factual determinations on the basis of a paper record. Additionally, Burgess alleged that the District Court, in determining his sentence, improperly relied on the conclusion that he had involved his son in the drug trade. Further, Burgess claimed he received ineffective assistance of counsel for failing to challenge the government's claim at sentencing that he involved his son in cocaine trafficking. Finally, Burgess contended that his due process rights were violated because the government permitted

three weapons to be displayed on counsel's table during trial without introducing them into evidence. On October 11, 1996, Judge Paul V. Gadola denied the § 2255 motion. <u>See</u> Order (Docket No. 494). Burgess filed a Motion for Reconsideration, which was denied. He also filed a Notice of Appeal.

On January 13, 1999, the Sixth Circuit affirmed the decision of the District Court.[4] <u>See</u> <u>Burgess</u> v. <u>United States</u>, 172 F.3d 872 (Table), 1999 WL 55264 (6th Cir. 1999). The Sixth Circuit rejected all of Burgess's arguments, concluding that no evidentiary hearing was required on the issues raised by Burgess, and that there was no ineffective assistance of counsel.

III.    <u>Subsequent Motions Challenging Sentence</u>

More than six years after the rejection of his first § 2255 motion, Burgess filed, on June 6, 2005, a Motion to Correct Sentence (Docket No. 511). Thereafter, on September 21, 2005, Burgess filed a Motion to Supplement a Rule 35 Motion (Docket No. 512). On August 25, 2006, Burgess filed a Motion for Writ of Mandamus (Docket No. 524). He also filed additional requests for relief in the form of a Writ of Mandamus, and motions for an *en banc* determination, for Judgment, to remand *en banc* determination, for Relief from Judgment, for judicial notice of adjudicative facts, and for recusal.

On April 7, 2008, District Judge Paul V. Gadola denied all of Burgess's motions to correct sentence and for all other relief. <u>See</u> Order (Docket No. 540). Burgess filed a Notice of Appeal. Thereafter, he filed a Motion for Writ of Mandamus, a motion for appointment of counsel, a request for judicial action, a Restatement of his Motion to Correct Sentence, a Motion to Set Aside Sentence. On March 26, 2009, District Judge Denise Page Hood entered an Order

---

[4]Mandate issued March 12, 1999.

denying these motions for relief.  See Order (Docket No. 533).  Following that denial, Burgess

filed a Motion for Reconsideration, a Motion to Expedite, a Motion for Leave to Supplement,

and a Motion Requesting Relief from Sentence.  On January 15, 2010, Judge Hood entered an

Order denying all of these motions.  See Order (Docket No. 558), and Burgess filed a Notice of

Appeal.

On February 1, 2010, the Sixth Circuit dismissed one of the appeals.  Order (Docket No.

561); Burgess v. United States, No. 10-1018 (6th Cir. 2010).  Subsequently, on March 18, 2011,

the Sixth Circuit affirmed the District Court judgments, denied all pending motions, and noted

that Burgess may be subject to sanctions if he continued to file motions in the District Court

challenging his sentencing rather than seeking leave of the Sixth Circuit as required by 28 U.S.C.

§ 2244(b)(3).  See Order (Docket No. 562); Mandate (Docket No. 563); Burgess v. United

States, No. 10-1118 (6th Cir. 2011).

IV.     Prior Habeas Petitions

Since his conviction, Burgess has filed a number of habeas petitions pursuant to 28

U.S.C. § 2241 in this Court.  These are as follows.

A.      Burgess v. Winn, Civil Action No. 03-40015-RWZ

On January 11, 2003, Burgess filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241.  Burgess v. Winn, Civil Action No. 03-40015-RWZ.  This petition arose out of an

error by the Bureau of Prisons in paroling Burgess.  Although Burgess's sentence on Count II

(based on a conviction under 21 U.S.C. § 841(a)(1)) was non-parolable, the Bureau of Prisons

made an error and failed to note that Burgess could not be paroled on that sentence.  As a result,

Burgess was paroled on September 24, 1997 and remained on parole until he was arrested on

May 8, 2001 for violations. He was found to be in violation and was incarcerated; he was then given a new parole date of January 11, 2002. Before he could be released on parole for the second time, the original mistake was discovered, and Burgess's records were corrected to reflect the fact that he could not be paroled on the 45 year sentence for Count II. His release date was recomputed to May 5, 2014. Notwithstanding that Burgess had been out of jail and at liberty, he was given full credit toward his sentence for the time period during which he was mistakenly on parole (about four years). Burgess argued that once the mistake was made, the Bureau of Prisons was bound by it and could not correct it, and could not place him back in jail to serve the rest of his 45 year sentence after mistakenly releasing him on parole.

On June 3, 2004, Magistrate Judge Collings issued a Report and Recommendation to dismiss the action because Burgess was not entitled to relief based on a ministerial mistake by the Bureau of Prisons and because his conviction was non-parolable. Moreover, Magistrate Judge Collings concluded that the claim (made in a supplemental pleading) that his sentence was invalid or erroneous was not properly raised in a § 2241 petition, but had to be raised in a petition under 28 U.S.C. § 2255 filed in the sentencing court.

On July 6, 2004, District Judge Zobel adopted the Report and Recommendation and dismissed the action. Burgess appealed. On July 19, 2005, the United States Court of Appeals for the First Circuit ("First Circuit") affirmed the dismissal. See Mandate (Docket No. 32); Burgess v. Winn, et al., No. 04-2022 (1st Cir. May 5, 2005).

B.      Burgess v. Sabol, Civil Action No. 09-40045-MBB

On February 19, 2009, Burgess filed another petition for writ of habeas corpus taking issue with the Bureau of Prisons' calculation of his good time credit. He also argued, *inter alia*,

that he was eligible for parole and mandatory release after serving two thirds of his sentence (30 years) as required by 18 U.S.C. § 4206(d) (repealed), 18 U.S.C. § 4164 (repealed), and 18 U.S.C. § 4205 (g) (repealed).  See Burgess v. Sabol, Civil Action No. 09-40045-MBB.

On October 18, 2010, Magistrate Judge Bowler granted the Respondent's Motion for Summary Judgment and dismissed the petition finding that Burgess's good time credit had been correctly calculated pursuant to the statute, and that he had no legal entitlement to discretionary good time credit.  See Memorandum and Order re: Respondent's Motion for Summary Judgment (Docket Entry #8) (Docket No. 20); Burgess v. Sabol, 2010 WL 4103708 (D. Mass. 2010).  Magistrate Judge Bowler also rejected Burgess' argument that the statute mandated his release after the completion of two-thirds (or 30 years) of his 45 year sentence on Count II.  Id. The Court noted that 21 U.S.C. § 841 provided that no individual convicted under that statute was eligible for parole.

Burgess filed an appeal of the decision.  On July 8, 2011, the First Circuit affirmed the District Court's ruling.  Of note is the First Circuit's statement that:

> [Burgess] raises new arguments purporting to challenge the procedural and substantive reasonableness of the sentence imposed by the United States District Court for the Eastern District of Michigan in 1992, as well as arguments concerning the applicability of the Anti-Drug Abuse Act of 1986 and the Sentencing Act of 1987 that were considered and rejected in an appeal from the denial of an earlier § 2241 petition.  See Burgess v. Winn, No. 04-2022, Judgment (1st Cir. May 5, 2005).  Burgess's new arguments are not properly raised for the first time on appeal and, to the extent that he challenges the validity, rather than the execution of his sentence, his claims are not subject to review in a § 2241 proceeding.  See United States v. Barrett,178 F.3d 34, 50 n.10 (1st Cir. 1999).

Judgment (Docket No. 27); Burgess v. Sabol, No. 10-2308 (1st Cir. 2011) (emphasis in underline added).  See Mandate (Docket No. 26) (Sept. 2, 2011).

C.    Burgess v. Grondolsky, et al., Civil Action No. 10-40028-DJC

On February 1, 2010, Burgess filed a Complaint against the Warden of FMC Devens and the Federal Bureau of Prisons, seeking to be admitted to a Pilot Program initiated as a result of Congress's action in passing the Second Chance Act of 2007.  See Burgess v. Grondolsky, et al., Civil Action No. 10-40028-DJC.  On February 5, 2010, a Memorandum and Order (Docket No. 3) issued by District Judge Saris construing the action as a habeas petition under 28 U.S.C. § 2241 rather than a civil action.  Burgess did not object to this construction.  Thereafter, counsel was appointed for Burgess pursuant to the Criminal Justice Act.

On January 11, 2011, Magistrate Judge Collings issued a Report and Recommendation for dismissal of this action because, based on the plain reading of the statute, it was manifest that Burgess did not meet the requirements for entry into the Pilot Program.  See Burgess v. Warden, 2011 WL 662742 (D. Mass. 2011).  On January 31, 2011, Judge Saris entered an Electronic Order adopting the Report and Recommendation, and the action was dismissed.

D.    Burgess v. Grondolsky, Civil Action No. 10-12014-FDS

On November 22, 2010, Burgess filed a petition for writ of mandamus in the United States District Court for the Eastern District of Michigan.  The action was transferred to this District, and construed as a habeas petition.  See Burgess v. Grondolsky, Civil Action No. 12014-FDS (Docket No. 6).  In that action, Burgess sought release from confinement, or, in the alternative, that a hearing be held either by this Court or the United States Parole Commission to determine his eligibility for release.  Burgess asserted that, based on his time served, he was properly paroled in 1997, or alternatively, he was required to be paroled in 2002. On March 30, 2011, the Respondent filed a Motion to Dismiss.

On October 18, 2011, District Judge Saylor granted the Respondent's Motion to Dismiss without addressing the merits because Burgess had previously filed a habeas petition before Magistrate Judge Bowler in which he contended that he was eligible for parole and mandatory release after serving two-thirds of his sentence. Judge Saylor found that Burgess failed to cite any authority he believed made him eligible for parole, and also found that "the time to argue the issue has passed. Petitioner already had an opportunity to litigate his eligibility for parole in his 2009 petition and received a full hearing on the merits." Memorandum and Order (Docket No. 15 at 5). Thus, Burgess was foreclosed from habeas relief.

As an additional matter, Judge Saylor noted that Burgess attempted to raise a new argument challenging his sentence pursuant to 18 U.S.C. § 4201 through 4218. Burgess argued that his sentence was longer than he properly should have received under 18 U.S.C. § 4205 and therefore his sentence was invalid. Judge Saylor rejected this claim, stating that: "[s]uch an argument should be raised in a § 2255 habeas petition filed with the sentencing court." Memorandum and Order (Docket No. 15 at 5, citing to United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999). Judge Saylor also found this argument to be foreclosed since it was not raised in the petition filed on November 15, 2010.[5]

---

[5]In addition to habeas petitions, Burgess also filed civil rights actions. See, e.g., Burgess v. Ware-Burgess, 2006 WL 717187 (S.D. Ga. 2006) (civil rights actions alleging defendants conspired to take away his parental rights, have his probation revoked, leave him in financial ruins, and "set back" his release date), Report and Recommendation by Magistrate Judge for dismissal as frivolous adopted by Burgess v. Ware-Burgess, 2006 WL 897691 (S.D. Ga. 2006); reconsideration denied by Burgess v. Ware-Burgess, 2006 WL 1040603 (S.D. Ga. 2006). See also Burgess v. United States, Civil Action No. 04-40169-RWZ (challenging his ineligibility for parole) (dismissed on the grounds that the issue must be raised as a habeas petition and not a civil rights action).

V.     The Instant Habeas Petition

In the instant habeas petition, Burgess generally alleges constitutional violations with respect to both his conviction and sentence. The bases for his petition are not entirely clear, as the petition is set forth essentially in narrative form, although it contains numbered paragraphs. Additionally, the petition is replete with non-sequiturs, repetitive allegations, and contains snippets of boilerplate law without factual context for his claims or nexus to that law.

From what can be gleaned based on a broad construction of the petition, Burgess again asserts that he is eligible for parole, and that he only has to serve two-thirds of his sentence. He cites to 18 U.S.C. § 4205 and the U.S. Parole Commission Rules and Procedures. Further, it appears he argues that he was sentenced for 1500 kilograms or more for powder cocaine, rather than 5000 grams of cocaine powder. He therefore challenges his conviction on the grounds that he was convicted on a charge that was not alleged in the Indictment or presented to a jury at trial.

Additionally, it appears that Burgess regrets seeking the withdrawal of his initial guilty plea but contends that he had no information in order to cooperate with law enforcement. He asserts that a new plea agreement was offered that did not require cooperation, but that offer was rejected by the DEA agent involved and therefore could not be consummated.

Burgess also argues that the first mistrial was part of a pattern of the judge's pro-prosecution actions. He further contends that he was transferred to another part of the Wayne County Jail during the heat wave of the summer of 1988, without explanation. That prompted a complaint and a request by him for release on bond, which, in turn, resulted in the Court's response of setting a new trial date. Burgess claims he was not given an adequate opportunity to obtain transcripts of the first trial. He contends the government's denial of any knowledge of his

incarcerative conditions was untrue, and that Judge Freeman was aware of this. Burgess asserts that there should have been an evidentiary hearing in this regard.

Next, Burgess claims the trial court "manipulated the process by refusing to declare a mistrial and ordering the government to come to a plea agreement with Burgess' co-defendant Ronnie Hunter, as to whom a mistrial was not declared." Pet. at ¶ 35. Burgess objects to the Court's declination to grant a mistrial *sua sponte*, and indication that he would grant a motion for a mistrial if made by either party. Id. at ¶ 36. He contends that this "constitutional stand-off persisted through the subsequent competency hearing." Id. at ¶ 37. It also appears that Burgess objects to the Court's *sua sponte* appointment of counsel over his objection at a time when Burgess was not competent and the case could not proceed speedily because of counsel's prior commitments. Id.

Additionally, Burgess appears to assert a claim that the DEA agent and the informant lied about what was said during a drug transaction, and the government failed to inform the court of an improper relationship between the DEA control agent and (presumably) the informant.

Next, Burgess argues that his sentence must be compared to the actual sentences received by the co-defendants. He contends that his sentence was grossly disparate because he received 45 years with no parole, whereas co-defendant Slater received 7 years with parole; co-defendant Wilson received 24 months; and co-defendant Hunter received 12 months.

Finally, it appears that Burgess is again asserting that his conviction is invalid because his confession was involuntary and because he was not given his Miranda rights.[6] He concludes by stating that: "[t]he District Court simply failed to comply with the letter of Burgess'

[6]It also appears that Burgess takes issue with statements in the Presentence Report.

indictment, his due process, the criminal statute which authorized it to do so. Which is a clear Constructive Amendment Violation of his indictment and Structural Errors throughout his trial. In violation of his Fifth and Sixth Amendment." Id. at 15-16. He seeks an Order vacating his sentence and remanding the case for further sentencing proceedings, as well as an Order immediately releasing him from prison and "eradicating all further penalties in order to reach the end of justice...." Id. at 16.

Burgess did not pay the $5.00 filing fee for this habeas petition, nor did he seek a waiver of the filing fee.

DISCUSSION

I.      The Filing Fee

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases.[7]

Here, Burgess has not satisfied these requirements, and this action is subject to dismissal on this basis; however, this Court need not afford Burgess an opportunity to comply with the filing fee requirements because this action will be dismissed sua sponte for the reasons discussed

---

[7]The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

herein.

II.     Screening of the Petition

Burgess's petition has not been served so that the Court may review the petition to

determine whether the Respondent should be required to reply to the petition.  See 28 U.S.C.

§ 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the

applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on

the respondent).  The Court liberally construes the petition because Burgess is proceeding *pro se*.

Nevertheless, Burgess is not entitled to habeas relief, for the following reasons.

III.    Burgess May Not Bring a § 2241 Petition To Challenge His Conviction and/or Sentence

A prisoner seeking to collaterally attack his sentence must assert his claim primarily

through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the

sentencing court rather than a § 2241 habeas petition in the district in which he is incarcerated.[8]

Barrett, 178 F.3d at 50 n. 10, cert. denied, 528 U.S. 1176 (2000); Rogers v. United States, 180

F.3d 349, 357 n.15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is

the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing,

---

[8]While both provisions of § 2241 and § 2255 authorize challenges to the legality of
Burgess's continued federal custody, "[i]t is well established canon of statutory construction that
when two statutes cover the same situation, the more specific statute takes precedence over the
more general one."  Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001) (comparing § 2241 and
§ 2254 habeas challenges), citing Edmond v. United States, 520 U.S. 651, 657 (1997); Preiser v.
Rodriguez, 411 U.S. 475, 488-489 (1973).  The rationale behind this is that under general
circumstances, the use of a § 2241 petition rather than a § 2255 motion would serve to
circumvent Congress's intent to restrict the availability of second and successive petitions and/or
the time limitations for filing a § 2255 motion.  Coady, 251 F.3d at 484-485.  Moreover, § 2255
gives the court more flexibility in fashioning a remedy than a habeas writ.  In Re Hanserd, 123
F.3d 922, 925 (6th Cir. 1997).  Another consideration is that "...inter-district comity and
practicality suggest that the original sentencing court is better positioned to reevaluate a federal
prisoner's conviction and sentence."  In Re Hansferd, 123 F.3d at 925.

including construction of the sentence itself.").

In this case, it is clear that § 2255 relief is not available to Burgess, as his numerous prior attempts at such relief (in various forms) have been unavailing. He is, no doubt, aware that this avenue of relief is foreclosed to him, and now seeks to assert yet another challenge to his sentence through a § 2241 habeas petition, presumably under the aegis of the "savings clause" of § 2255. The savings clause states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255(e).

A § 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the second or successive requirements. See Barrett, 178 F.3d 50.[9] Courts only allow recourse to this savings clause "in rare and exceptional circumstances," such as those where the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see also Barrett, 178 F.3d at 52-53 (discussing availability of

---

[9]See also, Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (savings clause applies to claims based on a retroactively applicable Supreme Court decisions which establish petitioner may have been convicted of a nonexistent offense and to claims foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (savings clause does not apply merely because § 2255 relief has already been denied...., or because petitioner has been denied permission to file a second or successive §2255 motion..., or because a second or successive § 2255 motion has been dismissed..., or because the one year statute of limitations expired).

§ 2241 where a petitioner claims "actual innocence").[10]  Further, it is well settled that a petitioner

like Burgess, who has exhausted his § 2255 avenues, cannot use the "savings clause" to

circumvent the restrictions of § 2255 (such as the restriction on filing second and successive

motions absent permission of the appellate court, or the time restrictions on filing) by filing a

motion under § 2241 instead.  See Barrett, 178 F.3d at 50-52 (permitting a petitioner to evade the

restrictions of § 2255 by resorting to § 2241 would render those restrictions meaningless);

Cannon v. United States, 2007 WL 1437704, at *3 (D. R.I. 2007).

      Here, Burgess's attempt to obtain § 2241 relief that he could not otherwise obtain under

§ 2255 is to no avail.  Under the facts and circumstances underlying this case, this Court does not

find that Burgess has put forth any exceptional circumstances in this case and/or that there will

be a complete miscarriage of justice should § 2241 habeas relief not be granted.  Simply put,

Burgess raises purely legal challenges to his conviction and sentence which are not the type of

challenges that can overcome the narrow exception of the savings clause, and which, in any

event, have been raised or could have been raised in earlier proceedings.  He has presented no

new discernible factual circumstances nor put forth any relevant legal authority from which this

Court reasonably could conclude that § 2255 is an inadequate or ineffective remedy to test the

legality of his detention.  Put another way: (1) Burgess has made prior, unsuccessful attempts for

relief from his conviction and sentence; (2) Burgess has introduced claims for relief which were

---

[10]See Glacken v. Dickhaut, 585 F.3d 547, 550 (1st Cir. 2009) ("The default may be
excused only if the petitioner can demonstrate cause for the default and actual prejudice as a
result of the alleged violation of federal law, or else demonstrate that the failure to consider the
claim will result in a fundamental miscarriage of justice" and noting that the miscarriage of
justice exception is a "'narrow exception to the cause and prejudice imperative seldom to be
used, and explicitly tied to a showing of actual innocence.'" quoting Burks v. Dubois, 55 F.3d
712 (1st Cir.1995)).

matters that already were raised in his direct appeal and/or § 2255 case (in whole or in part, directly or indirectly), or that otherwise presented matters which could have been raised in his appeal or earlier collateral attacks; and (3) Burgess presents no claim of actual (factual) innocence (of the crime and not of the sentence imposed).[11]

In considering Burgess's arguments, this Court has considered that judges of this Court and the First Circuit have held that purely legal challenges (*i.e.,* challenges to the constitutional validity of a conviction as opposed to factual, actual innocence challenges) may not be raised in the § 2241 arena through the savings clause of § 2255. See, e.g., Black v. Sabol, C.A. 07-40309-RGS *aff'd* Black v. Winn, No. 04-2712 (1st Cir. 2005); Black v. Winn, C.A. 05-40150-NG. See also Bratt v. United States, C.A. 08-40018-NMG (Memorandum and Order (Docket No. 5) dismissing § 2241 petition *sua sponte*); and Cardona v. United States of America, C.A. 07-

---

[11]Although the Circuit has not fully defined all of the circumstances that might allow a federal prisoner to utilize § 2241 to challenge his detention, the savings clause is to be narrowly interpreted and is very limited in scope. It may only be invoked on rare occasions and under the most exceptional circumstances. See Barrett, 178 F.3d at 38 (explaining that a federal prisoner "cannot evade the restrictions of § 2255 by resort to the habeas statute, 28 U.S.C. § 2241, or the All Writs Act, 28 U.S.C. § 1651"). The limited purpose of the savings clause is to allow a petitioner to make a claim based on "actual innocence" (*i.e.* factual innocence) that would otherwise be barred by § 2255, or where a circuit court's meaning of a statute has been overruled by the Supreme Court. See Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999)*;* In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)*;* Jaramillo v. Winn, 2002 WL 1424579 (D. Mass. 2002). See also Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000) (the savings clause has most often been used where a Supreme Court decision has overruled the circuit courts as to the meaning of a statute, and the prisoner asserts he is not guilty within the new meaning of the statute); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (savings clause applies to claims based on a retroactively applicable Supreme Court decisions which establish petitioner may have been convicted of a nonexistent offense and to claims foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (savings clause does not apply merely because § 2255 relief has already been denied... or because petitioner has been denied permission to file a second or successive § 2255 motion ... or because a second or successive § 2255 motion has been dismissed ... or because the one year statute of limitations expired).

40253-DPW, Memorandum and Order (Docket No. 2) (Oct. 8, 2007).

Finally, of great significance to this Court in making this determination is the fact that the First Circuit recently has stated that Burgess's arguments which challenge the validity, rather than the execution of his sentence, were not subject to review in a § 2241 proceeding.  <u>See</u> <u>Burgess</u> v. <u>Sabol</u>, No. 2308 (1st Cir. Jul. 8, 2011) (Judgment).

Without belaboring the matter further, for all the reasons set forth above, Burgess's due process claims of "structural error" are, in legal effect, § 2255 claims "masquerading" in the guise of a § 2241 petition.  Accordingly, Burgess's § 2241 habeas petition will be <u>DENIED</u> and this action shall be <u>DISMISSED</u>.   Should Burgess seek to assert challenges to his criminal conviction or sentence based on alleged due process violations in connection with his trial and sentencing, he must first obtain permission to bring a second or successive § 2255 motion from the appropriate court of appeals.[12]

Further, in light of Burgess's litigation history, the Court finds it necessary to place parameters on further filings by Burgess, in order to preserve scarce judicial resources. Accordingly, this Court will Order that in any future § 2241 habeas petition filed in this Court, Burgess must submit a statement certifying that he is not asserting claims which have previously been raised by him in any collateral attack either under § 2255, § 2241, or other prior motions for relief from his conviction and/or sentence.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

---

[12]Section 2255 provides restrictions on the ability to bring second or successive petitions in the district court, and requires that "[a] second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255.

1.     Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is <u>DENIED</u>;

2.     This action is <u>DISMISSED</u> it its entirety; and

3.     In any future § 2241 habeas petition filed in this Court, Petitioner must submit a statement certifying that he is not asserting claims challenging his conviction and/or sentence which have previously been raised by him in any collateral attack either under § 2255, § 2241, or in other prior motions for relief.


SO ORDERED.



<u>January 13, 2012</u>                          <u>/s/ Nathaniel M. Gorton</u>
DATE                                              NATHANIEL M. GORTON
                                                  UNITED STATES DISTRICT JUDGE